## FILLMORE v. FARMERS UNION CO-OPERATIVE ASS'N.

No. 19287. Opinion Filed Oct. 1, 1929.

Donald B. Darrah, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

LESTER, V. C. J. The parties to this appeal occupy the same position as in the district court, and will be referred to as they appeared there.

The plaintiff brought suit to compel the defendant to accept and pay for four shares of stock purchased by the plaintiff.

The plaintiff claimed that his right to recover was based upon the fact that he had disposed of his farming interest in Custer county and removed therefrom, and that the by-laws of said corporation at the time he purchased said stock provided:

"The corporation shall redeem at par the stock of any member when the member sells his farming interest in and moves his residence out of the trade territory of this corporation."

Upon trial of the cause both parties waived

a jury, and the court found the issues in favor of the defendant.

An examination of the record will disclose that the plaintiff failed to state and prove that since the purchase of said stock he had sold his farming interest and had removed from the trade territory of said corporation and we think the district court was fully justified in finding in favor of the defendant, for that, under the terms of said by-laws of the defendant corporation, before the plaintiff could rescind, it was his duty to come clearly within the terms of said by-laws. He did not plead or offer to prove any special contract with the defendant corporation for rescission of said stock, but depended solely upon the provision of the by-laws as hereinbefore set out.

It is the duty of one seeking a rescission of the sale of stock to show that his right of action comes within the terms of an offer to rescind.

There are other questions presented on review, but, owing to the plaintiff's lack of proof that he came within the terms of the by-laws of the corporation relating to the resale of said stock, it becomes unnecessary to decide any additional question presented on review.

Judgment is affirmed.

MASON, C. J., and HUNT, RILEY, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.